**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Calvin WALTON, Defendant–Appellant.**

**No. 01–1390.**

United States Court of Appeals,
Sixth Circuit.

Aug. 5, 2002.

Before NELSON, BOGGS, and NORRIS, Circuit Judges.

Calvin Walton appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Walton pleaded guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841 and 846.

Although sentencing was originally scheduled for August 24, 1999, the hearing was adjourned, ostensibly to permit Walton the opportunity to meet with the government and attempt to provide substantial assistance in order to obtain a downward departure. Walton failed to provide substantial assistance, and he was eventually sentenced on February 1, 2001, to 262 months. Walton has filed a timely appeal, arguing that counsel rendered ineffective assistance.

Upon review, we conclude that Walton's counsel did not render ineffective assistance in this case. To demonstrate ineffective assistance of counsel, Walton must show that counsel's performance was seriously deficient and that this deficient performance prejudiced his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Walton must show that counsel's performance fell outside the wide range of reasonable professional assistance, and that it fell below an objective standard of reasonable conduct. *See Lewandowski v. Makel,* 949 F.2d 884, 888 (6th Cir.1991). However, a reviewing court's scrutiny of counsel's performance is highly deferential. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Generally, a claim of ineffective assistance of counsel is not cognizable on direct appeal because the record is inadequate to permit review; therefore it is more properly brought in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz,* 263 F.3d 603, 612 (6th Cir.2001). However, if the record is adequate, this court may elect to review the issue on direct appeal. *See id.* In this case, the record is adequate to reject Walton's claim.

Counsel did not render ineffective assistance in this case. The record reflects that counsel's performance did not preju-

dice Walton's opportunity to obtain a downward departure. The sentencing court was aware of the sentencing factors that Walton raises on appeal and it was in a position to grant a downward departure had the circumstances warranted a departure. First, contrary to Walton's argument, counsel did argue to the sentencing court that Walton's criminal history score over-represented his criminal past. Second, the court was clearly aware that Walton had declined to provide substantial assistance, in part, because he was concerned for the safety of his family. Finally, although it was not discussed on the record, the court clearly was aware of the delay in sentencing because it had adjourned the original sentencing hearing. Counsel's performance did not prejudice Walton's ability to obtain a downward departure because the court was aware of the sentencing factors that Walton raised on appeal. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

Walton did not establish that counsel rendered ineffective assistance in any other respect. The record clearly reflects that counsel had objected to the PSI, and that Walton acknowledged that the issues had been resolved. In addition, counsel did not prejudice Walton's defense by waiting until the sentencing hearing to ask the government to move for a departure despite Walton's refusal to provide substantial assistance. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. This is so because the government adamantly declined to grant counsel's request. The Assistant United States Attorney clearly stated that he would not move for a downward departure *because* Walton had declined to provide substantial assistance, *and* because other defendants who had offered substantial assistance had done so at the risk of their lives. There was no indication that the government would have filed such a motion had Walton's counsel made his request earlier.

Finally, we note that counsel zealously represented Walton during both sentencing hearings. During Walton's initial sentencing hearing, counsel argued so passionately and emotionally that the sentencing court mentioned it on the record. Furthermore, counsel effectively argued for a sentence at the low end of the guidelines range and for a concurrent sentence. The court imposed a 262 month sentence, which was at the low end of the sentencing range and 32 months below the sentence cap contained in Walton's Rule 11 plea agreement.

For these reasons, we affirm the judgment of conviction and sentence.